Michael F. Snyder
Ryan W. O'Donnell
VOLPE KOENIG
30 S. 17th Street, Suite 1800
Philadelphia, Pa 19103
MSnyder@vklaw.com
RODonnell@vklaw.com

*Attorneys for Plaintiff*
*DES Products Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DES PRODUCTS LTD.,**<br>8213 Secor Road, Rm. 583<br>Lambertville, Michigan 48144<br><br>　　　Plaintiff,<br><br>v.<br><br>**FERNWAY HOLDINGS LLC,**<br>178 Industrial Drive<br>Northampton, Massachusetts 01060<br><br>　　　Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

This is an action for trademark infringement, unfair competition, false designation of origin, and unjust enrichment arising from Defendant Fernway Holdings LLC's unauthorized adoption and use of the marks TRAVELER,

- 1 -

9817786.4

TRAVELER EXTREME, and other TRAVELER-formative designations in connection with vape products and related goods.

## PARTIES

1.      Plaintiff DES Products Ltd. (referred to herein as "Plaintiff" or "DES") is a Michigan corporation with a principal place of business at 8213 Secor Road, Rm. 583, Lambertville, Michigan 48144.

2.      Upon information and belief, Defendant Fernway Holdings LLC ("Defendant," "Fernway," or "Defendant Fernway") is a limited liability company organized under the laws of Delaware, with a principal place of business at 178 Industrial Drive, Northampton, Massachusetts 01060.

3.      Upon information and belief, Defendant manufactures, markets, offers for sale, sells, and distributes vape products and related goods, including products identified by Defendant as "Traveler," "Traveler Vape," and "Traveler Pro Vape" products.

## JURISDICTION AND VENUE

4.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq., including Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This action also arises under New Jersey statutory law and common law.

5.      This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

9817786.4

6.    This Court has supplemental jurisdiction over DES's state statutory and common-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367 because those claims are so related to DES's federal claims that they form part of the same case or controversy.

7.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed infringing conduct toward New Jersey, has offered, promoted, sold, and distributed the accused goods in New Jersey, through interstate channels of trade and online channels accessible to New Jersey consumers, and has caused injury to DES in this Judicial District. Attached as Exhibit F is a true and correct copy of a screen capture of a page from Defendant's website directing consumers to various locations in New Jersey for purchasing Defendant's goods. Attached as Exhibit G are true and correct copies of screen captures of website pages showing Defendant's infringing mark, discussed in greater detail below, in use for the sale of goods in New Jersey.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District, and because a substantial part of the events, omissions, and injuries giving rise to DES's claims occurred in, were directed to, or caused injury in this District.

## DES AND THE TRAVELER FAMILY OF MARKS

9.    DES owns a family of trademarks built around the distinctive TRAVELER formative trademarks, including the federally registered marks

- 3 -

9817786.4

TRAVELER and TRAVELER EXTREME (collectively, and including all common law rights, the "TRAVELER Marks").

10.    DES owns the following United States Trademark Registrations for the TRAVELER Marks:

| Registration No. | Mark | Exhibit |
|---|---|---|
| 7,674,691 | TRAVELER | EXHIBIT A |
| 7,302,576 | TRAVELER EXTREME | EXHIBIT B |

11.    The TRAVELER registrations reside on the Principal Register of the United States Patent and Trademark Office and are valid, subsisting, and in full force and effect. The registrations constitute *prima facie* evidence of DES's ownership of the registered marks and exclusive right to use the registered marks in commerce in connection with the goods identified in the registrations.

12.    Since at least as early as October 8, 2017, and long prior to Defendant's actions complained of herein, the TRAVELER Marks have been continuously used in interstate commerce by or on behalf of DES, on or in connection with, *inter alia*, the sale of oral vaporizers and vaping products.

13.    The goods listed in connection with DES's U.S. Trademark Registrations for the TRAVELER Marks are: "Electronic oral vaporizers and vape pens for smokers, namely, electronic devices for vaporizing e-liquid." These goods are referred to herein as "the Authentic TRAVELER Goods."

9817786.4

14. As an example of the authorized use of the TRAVELER Marks, the website at www.o2vape.com offers the Authentic TRAVELER Goods under the TRAVELER Marks. Attached hereto as Exhibit C are true and correct copies of screen captures of the www.o2vape.com website showing representative uses of the TRAVELER Marks. The www.o2vape.com website offering TRAVELER brand goods prominently features the TRAVELER Marks in the website text, examples of which are shown in Exhibit C.

15. The TRAVELER Marks are inherently distinctive, and in any event have acquired distinctiveness through DES's substantially exclusive and continuous use, advertising, promotion, and sale of goods bearing the TRAVELER Marks over the more than eight years of continuous use, promotion, and sale of goods since the TRAVELER Marks were adopted. Sales of DES's goods bearing the TRAVELER Marks have totaled millions of units and generated millions of dollars in gross sales.

16. The TRAVELER Marks identify DES as the source of the Authentic TRAVELER Goods and distinguish DES's goods from the goods of others.

17. DES has expended substantial time, effort, and resources developing, advertising, promoting, and protecting the TRAVELER Marks and the goodwill associated with them.

18. The Authentic TRAVELER Goods sold under the TRAVELER Marks have been offered and sold through channels of trade that include online retail, wholesale, vaporizer, and smoking accessory channels.

9817786.4

19.    As a result of DES's efforts and the quality of the Authentic TRAVELER Goods, DES has acquired valuable goodwill symbolized by and embodied in the TRAVELER Marks.

20.    DES's TRAVELER Marks have no recognized significance in the relevant trade or industry other than as a source identifier for goods emanating from, sponsored by, affiliated with, or approved by DES.

21.    The TRAVELER Marks constitute a protectable family of marks because DES has used and promoted the TRAVELER formative in a manner that causes consumers to associate the TRAVELER formative with DES as a common source of the Authentic TRAVELER Goods.

## DEFENDANT'S INFRINGING CONDUCT

22.    Notwithstanding DES's well-known and prior common law and statutory rights in its TRAVELER Marks, and with at least constructive notice of DES's federal registrations under 15 U.S.C. § 1072, Defendant has, upon information and belief, adopted and used the marks "TRAVELER," "TRAVELER PRO," and other "TRAVELER"-formative designations in connection with the promotion, offering for sale, sale, and distribution of vape products and related goods. Defendant's TRAVELER, TRAVELER PRO, TRAVELER VAPES, and other TRAVELER-formative designations are referred to herein as "Defendant's Infringing TRAVELER Marks" or the "Infringing TRAVELER Marks."

- 6 -

9817786.4

23.    Upon information and belief, Defendant operates an interactive website at the following URL address: www.fernway.com and uses that website to advertise and promote its products, direct consumers to retail locations, and promote sales through participating partners and delivery channels.

24.    Upon information and belief, Defendant's website and related marketing materials feature products identified as "Traveler," "Traveler Vapes," "Traveler Pro," "Traveler Pro Vape," and similar TRAVELER-formative names.

25.    Upon information and belief, examples of Defendant's infringing goods include, without limitation, Fernway Traveler Vapes; Fernway Traveler Pro; Traveler Pro Vape products in various flavors or strain names, including Alpine Strawberry, Berry Haze, Blueberry Cake, Champagne Kush, Cranberry Jam, Elderflower, Honeycrisp, Mandarin Orange, Pineapple Express, Purple Sunset, Sour Diesel, Space Queen, White Widow, and others; and Traveler Collection vape products in various flavors or strain names. Defendant's goods bearing or promoted in connection with the Infringing TRAVELER Marks are referred to collectively as the "Infringing Goods."

26.    Screen captures showing the Infringing Goods as featured on Defendant's Infringing Website are attached as Exhibit D. As shown by Exhibit D, the Infringing Goods are branded under and associated with the Infringing TRAVELER Marks. Exhibit F also shows screen captures of website pages showing

- 7 -

9817786.4

the Infringing Goods offered under the Infringing TRAVELER Marks via a third-party dispensary website.

27.    The Infringing Goods are vape products and related goods. They are identical or closely related to the Authentic TRAVELER Goods and are offered through overlapping channels of trade to overlapping classes of purchasers.

28.    Upon information and belief, Defendant's conduct is willful. Defendant had constructive notice of DES's federally registered TRAVELER Marks under 15 U.S.C. § 1072 and had actual notice of DES's rights at least as early as 2022.

29.    DES, through counsel, notified Defendant in writing in or around 2022 of DES's TRAVELER Marks and demanded that Defendant cease its infringing use, as shown by Exhibit E.  After receiving notice, Defendant nevertheless adopted, used, expanded, and/or continued using the Infringing TRAVELER Marks in connection with the Infringing Goods.

30.    DES's claims are timely, and DES has been diligent in its efforts to enforce the TRAVELER Marks. DES has acted to stop Defendant's infringement after becoming aware of the full nature, scope, and commercial significance of Defendant's infringing use.

31.    DES has not consented to Defendant's use of the Infringing TRAVELER Marks, has not represented that it would refrain from enforcing its rights, and has not engaged in any conduct on which Defendant reasonably could

9817786.4

have relied as permission to adopt, use, expand, or continue using the Infringing TRAVELER Marks.

32.    Defendant has not suffered any legally cognizable prejudice attributable to any conduct of DES. Any investments Defendant made in the Infringing TRAVELER Marks were undertaken at Defendant's own risk and with actual and/or constructive notice of DES's superior rights.

33.    Defendant's use of the Infringing TRAVELER Marks is likely to cause consumers, purchasers, distributors, and members of the trade to falsely believe that Defendant's Infringing Goods originate with DES or are sponsored by, affiliated with, licensed by, endorsed by, or otherwise approved by by DES. This is not the case.

34.    Defendant's Infringing Goods are offered in direct competition with, or at least in close proximity to, the Authentic TRAVELER Goods, through similar channels of trade, to similar consumers, and at similar price points.

35.    Defendant's adoption and use of the word TRAVELER is identical to DES's registered TRAVELER mark and incorporates the dominant TRAVELER formative portion of DES's TRAVELER family of marks.

36.    Defendant's use of TRAVELER PRO is confusingly similar to DES's TRAVELER and TRAVELER EXTREME marks because it wholly incorporates DES's TRAVELER mark and merely adds a laudatory or product-tier term.

- 9 -

37.    Defendant's conduct is likely to cause initial interest confusion, point-of-sale confusion, post-sale confusion, reverse confusion, subliminal confusion, and mistake among the purchasing public and the trade.

38.    Defendant has no license, permission, authorization, or consent from DES to use the TRAVELER Marks, the Infringing TRAVELER Marks, or any mark confusingly similar thereto.

39.    DES has no control over the nature or quality of Defendant's Infringing Goods. Defendant's unauthorized use of the Infringing TRAVELER Marks therefore threatens to damage DES's valuable goodwill and reputation.

40.    Upon information and belief, Defendant's infringement has been willful, deliberate, and in knowing disregard of DES's rights. Defendant had constructive notice of DES's federal registrations, had actual notice of DES's rights at least since 2022, and nevertheless continued using, promoting, and/or expanding the Infringing TRAVELER Marks for identical or closely related vape products.

41.    Upon information and belief, Defendant has obtained for its goods a salability, recognition, and commercial advantage that it would not otherwise have had by trading on the goodwill associated with DES's TRAVELER Marks.

42.    Defendant's acts complained of herein are ongoing and have caused, and unless restrained and enjoined by this Court will continue to cause, irreparable harm, damage, and injury to DES, including harm to DES's goodwill, reputation, and ability to control the use of its TRAVELER Marks.

9817786.4

43.    Upon information and belief, Defendant will continue its acts of infringement, unfair competition, and unjust enrichment unless restrained by this Court.

## COUNT I

### FEDERAL STATUTORY TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

44.    DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

45.    Defendant's use of the Infringing TRAVELER Marks in connection with the Infringing Goods, and in connection with Defendant's promotion, offering for sale, sale, and distribution of those goods, infringes DES's federally registered TRAVELER Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46.    Defendant is using marks that are identical and/or confusingly similar to DES's federally registered TRAVELER Marks for identical, similar, or closely related goods. This creates a likelihood of confusion.

47.    DES has no control over the quality of goods which are provided, promoted, advertised and sold by Defendant, with the result that DES's valuable goodwill with respect to its trademark may be irreparably injured by the acts of Defendant complained of herein.

48.    Upon information and belief, Defendant's use of the Infringing TRAVELER Marks was undertaken with actual and/or constructive knowledge of

9817786.4

DES's rights, in willful disregard of those rights, and with the intent to obtain a commercial advantage that Defendant otherwise would not have.

49. As a direct and proximate result of Defendant's infringement, DES has suffered and continues to suffer irreparable injury and damages for which it has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

50. DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

51. This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1125(a).

52. Defendant has adopted and is using marks identical to, or confusingly similar to, DES's TRAVELER Marks, for goods that are identical, similar, or closely related to those offered by DES under the TRAVELER Marks.

53. Defendant's use of the Infringing TRAVELER Marks in connection with the sale of the Infringing Goods will cause customers, potential customers, and past customers to mistakenly attribute the properties and reputation of the Authentic TRAVELER Goods to those of the Defendant, and/or vice versa.

54. The use by Defendant of its Infringing TRAVELER Marks in connection with its Infringing Goods, and to advertise and promote Defendant's

- 12 -

9817786.4

Infringing Goods, constitutes unfair competition, a false description and representation and a false designation of the origin of Defendant's Infringing Goods, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Upon information and belief, Defendant's use of the Infringing TRAVELER Marks in connection with the Infringing Goods as well as in connection with Defendant's promotion, offering, and sale of the same, was with full knowledge and willful disregard of DES's rights in its TRAVELER Marks and with the intent to obtain a commercial advantage that Defendant otherwise would not have.

56.    As a result of said unfair competition and false designation of origin, DES has suffered and continues to suffer irreparable injury and damages for which it has no adequate remedy at law.

## COUNT III
## NEW JERSEY STATE STATUTORY UNFAIR COMPETITION
### N.J.S.A. 56:4-1, et seq.

57.    DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.    DES is informed and believes that Defendant is in direct competition with DES regarding the sale of vape products.

59.    DES is the owner of the TRAVELER Marks and the associated name, brand, reputation, and goodwill developed through DES's longstanding use of the TRAVELER Marks in connection with vaping products.

- 13 -

60.    DES's TRAVELER Marks identify DES in the minds of relevant consumers, retailers, distributors, purchasers, and participants in the vaping marketplace.

61.    Defendant is a merchant, firm, or corporation that markets, offers for sale, sells, and/or distributes vaping products, including goods identical or closely related to DES's TRAVELER-related goods.

62.    Defendant has appropriated for its own use DES's TRAVELER name, brand, trademark, reputation, and goodwill by using the Infringing TRAVELER Marks in commerce without DES's consent.

63.    Defendant's use of the Infringing TRAVELER Marks in connection with identical or closely related goods is likely to cause consumers to believe mistakenly that Defendant's goods originate from, are sponsored or approved by, are affiliated with, or are otherwise connected to DES and DES's TRAVELER-related goods.

64.    Defendant's conduct has been willful, intentional, and undertaken with knowledge of DES's prior rights and goodwill in the TRAVELER Marks.

65.    Defendant's unauthorized appropriation and use of the TRAVELER Marks constitutes unfair competition in the conduct of trade and commerce all in violation of N.J.S.A. 56:4-1.

66.    Due to Defendant's conduct, DES has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual

9817786.4

damages that would afford DES adequate relief at law for Defendant's acts and continuing acts. DES's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant.

67. DES is entitled to injunctive relief, damages, disgorgement of profits, costs, and such other and further relief as the Court deems appropriate.

## COUNT IV
## NEW JERSEY STATE STATUTORY TRADEMARK INFRINGEMENT
## N.J.S.A. 56:3-13.16

68. DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

69. The foregoing acts of Defendant violate New Jersey Statute §56:3-13.16 because they constitute use in commerce of DES's marks in connection with the sale, offering for sale, distribution, and advertising of goods and services in a manner likely to cause confusion, mistake, and deception as to the source or origin of the goods.

70. Defendant's conduct has been willful, intentional, and undertaken with knowledge of DES's prior rights and goodwill in the TRAVELER Marks.

71. DES is entitled to injunctive relief, damages, disgorgement of profits, costs, and such other and further relief as the Court deems appropriate.

9817786.4

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

72.    DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

73.    DES owns valid and protectable common-law rights in the TRAVELER Marks.

74.    Defendant's aforementioned conduct constitutes common-law trademark infringement.

75.    As a direct and proximate result of Defendant's common-law trademark infringement, DES has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no adequate remedy at law.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

76.    DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

77.    Defendant's aforementioned conduct constitutes unfair competition under the common law.

78.    By means of, and as a result of, Defendant's unfair competition, DES has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no adequate remedy at law.

- 16 -

9817786.4

## COUNT VII

## UNJUST ENRICHMENT

79.    DES realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

80.    By the acts and activities complained of herein, Defendant has received a benefit from DES, including the commercial benefit of the goodwill associated with DES's TRAVELER Marks.

81.    Defendant's retention of that benefit would be unjust because Defendant obtained it through unauthorized and infringing use of DES's TRAVELER Marks.

82.    DES is entitled to restitution, disgorgement, and all other relief necessary to prevent Defendant's unjust enrichment.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff DES Products Ltd. prays for relief from the actions and conduct of Defendant Fernway Holdings LLC as follows:

1.    That Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

A.    directly or indirectly infringing Plaintiff's TRAVELER Marks;

9817786.4

B.      directly or indirectly using any of Defendant's Infringing TRAVELER Marks;

C.      from passing off, inducing or enabling others to sell or pass off any goods provided by Defendant as originating from Plaintiff, which are not Plaintiff's goods or are not rendered by or under the control or supervision of Plaintiff and approved by Plaintiff;

D.      directly or indirectly engaging in any acts or activities calculated to infringe upon or trade upon Plaintiff's TRAVELER Marks, and/or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

E.      using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its goods the TRAVELER Marks, or any mark which is a variant of, simulates, imitates, is substantially similar to, is likely to cause confusion with, or is confusingly similar to, Plaintiff's TRAVELER Marks in such a manner as to deceive, or to falsely describe or represent the source of the goods or otherwise create confusion upon the purchasing public or the trade;

F.      further violating Plaintiff's property rights and goodwill; and

G.      from otherwise competing unfairly with Plaintiff in any manner whatsoever.

2.      That Defendant immediately remove all references to the Infringing TRAVELER Marks, including but not limited to social media posts, blogs, website descriptions, website photographs, website meta tags, HTML code, adwords,

9817786.4

internet keywords, internet search terms, and all other materials in which the Infringing TRAVELER Marks or any substantially similar variation appears, and that Defendant withdraw any advertisements or promotional materials that contain Infringing TRAVELER Marks or any substantially similar variation in the next editions or versions.

3.     That Defendant be required to deliver up to Plaintiff for destruction, all infringing products, promotional materials, advertisements, manuals, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source of origin of the goods offered by Defendant.

4.     That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to manuals, advertising and promotion bearing the Defendant's Infringing TRAVELER Marks or any variant, colorable imitation, simulation, copy, imitation or counterfeit of Plaintiff's TRAVELER Marks and that Defendant be required to remove such infringing marks from its manuals, promotional materials, advertisements and other documents, in any media.

5.     The Defendant be ordered to pay over to Plaintiff all damages as set forth in 15 U.S.C. § 1117.

6.     That Defendant be required to pay over to Plaintiff all profits realized by it from its unlawful acts complained of herein.

- 19 -

9817786.4

7. The Defendant be directed to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's acts herein complained of.

8. That the award of Plaintiff's damages and Defendant's profits be enhanced, trebled, or otherwise increased to the fullest extent permitted by law as a result of Defendant's willful and deliberate infringement of Plaintiff's trademark rights.

9. That Plaintiff be awarded punitive damages for the willful and deliberate acts of unfair competition and other unlawful injurious acts of Defendant complained of herein.

10. That the Court declare this to be an exceptional case and that Plaintiff be awarded its reasonable attorneys' fees and the cost of this action in view of Defendant's willful and deliberate violation of Plaintiff's rights.

11. That Plaintiff be awarded such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by a jury on all claims to which it is entitled.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies upon information and belief that this matter in controversy is not related to any other matters that are currently pending.

9817786.4

- 21 -

Respectfully submitted,

DES PRODUCTS LTD.

Date: July 21, 2026  By: */s/Michael F. Snyder*

      Michael F. Snyder
      Ryan W. O'Donnell
      VOLPE KOENIG
      30 S. 17th Street, Suite 1800
      Philadelphia, Pa 19103
      MSnyder@vklaw.com
      RODonnell@vklaw.com

      *Attorneys for Plaintiff*
      *DES Products Ltd.*

9817786.4